IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMOS JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:18-cv-01106 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| ANDREW SAUL, | ) MAGISTRATE JUDGE NEWBERN |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Amos Johnson brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") denial of his application for disability insurance benefits under Title II of the Social Security Act. On February 18, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 24), recommending Plaintiff's Motion for Judgment on the Administrative Record be granted, the Commissioner's decision be reversed, and the action be remanded to the Commissioner for further proceedings. The Commissioner filed objections to the R&R. (Doc. No. 25)

For the reasons discussed herein, the Commissioner's objections are OVERRULED. The Report and Recommendation of the Magistrate Judge (Doc. No. 24) is ADOPTED with modification. Plaintiff's Motion for Judgement Based on the Administrative Record (Doc. No. 18) is GRANTED, and the decision of the Commissioner is REMANDED.

**I. PROCEDURAL HISTORY**

Plaintiff Amos Johnson filed an application for disability insurance benefits on October 18, 2016, alleging that he has been disabled since May 5, 2016 due to carpel tunnel syndrome, post-traumatic stress disorder, depression, anger, nightmares, insomnia, headaches, and injuries to his

1

cervical spine, shoulders, and right Achilles tendon. (AR 15, 279). Plaintiff's application was denied initially (AR 181-84) and upon reconsideration (AR 186-87). Plaintiff subsequently requested a hearing before an administrative law judge ("ALJ"). The hearing was held on January 4, 2018. The ALJ issued an unfavorable decision on May 18, 2018. (AR 12-31).

The ALJ determined Johnson has the residual functional capacity "to perform light work." (AR 20). In determining Johnson's residual functional capacity, the ALJ gave little weight to the finding of the United States Department of Veterans Affairs ("VA") that Johnson is 100% disabled as a result of service-connected impairments. (AR 23).

The Appeals Council denied review on August 15, 2018, (AR 1-5), making the ALJ's decision the final Agency decision. The Plaintiff filed a Complaint initiating this action on October 15, 2018, (Doc. No. 1), and a Motion for Judgment on the Record on January 17, 2019 (Doc. No. 18). The Commissioner filed a Response denying liability and arguing that the ALJ followed the applicable regulations and that substantial evidence supports the ALJ decision. (Doc. No. 23).

On February 18, 2020, the Magistrate Judge issued an R&R (Doc. No. 24), recommending that the Court grant Plaintiff's Motion for Judgment and remand the Commissioner's decision. Now before the Court are the Commissioner's Objections to the R&R. (Doc. No. 25). Plaintiff did not respond to the Commissioner's Objections.

## II. STANDARD OF REVIEW

The district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b)(1)(C); Local Rule 72.02; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be

2

preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

In Social Security cases under Title II, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. § 405(h). The Court's review of the decision of the ALJ is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see* 28 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal citations omitted). "The substantial evidence standard … presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Blakley*, 581 F.3d at 406 (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The Court defers to a decision by the ALJ that is supported by substantial evidence "even if there is substantial evidence on the record that would have supported an opposite conclusion." *Id*. (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

### III. ANALYSIS

The Commissioner objects to the Magistrate Judge's application of Social Security Ruling ("SSR") 06-3p on the grounds that SSR 06-3p was rescinded effective March 27, 2017.

Social Security Ruling 06-3p required that an "adjudicator should explain the consideration given" to a disability decision by another governmental or nongovernmental agency. The Ruling obligated the ALJ to "at least consider a VA's disability decision and explain the reasons for the weight she assigns to it." *Joseph v. Comm'r of Soc. Sec.*, 741 F. App'x 306, 310 (6th Cir. 2018).

On January 18, 2017, the Social Security Administration amended the Rule regarding consideration of "decisions by other governmental agencies and nongovernmental entities." 20 C.F.R. § 404.1504 (January 18, 2017). The revised Rule provides in relevant part:

> …Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are blind or disabled under our rules. Therefore, in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim…

20 C.F.R. § 404.1504 (January 18, 2017).

On March 27, 2017, the Social Security Agency rescinded Social Security Ruling 06-3p as "inconsistent or unnecessarily duplicative" with the revised Rule. *See* Notice of Rescission of Social Security Rulings, 82 Fed. Reg. 15,263-01 (March 27, 2017). The Notice explained the effect of the rescission of SSR 06-3p:

> SSR 06-03p explained how we consider opinions and other evidence from sources that are not acceptable medical sources and how we consider decision by other governmental and nongovernmental agencies on the issue of disability and blindness. The final rules revised these policies for claims filed on or after March 27, 2017, in several ways … [I]n claims filed after March 27, 2017, the final rules state that adjudicators will not provide articulation about their consideration of decisions from other governmental agencies and nongovernmental entities because this evidence is inherently neither valuable nor persuasive to us. Therefore, this SSR [06-3p] is inconsistent with the final rules.

4

82 Fed. Reg. 15,263-01. The effective date was stated as follows: "*Effective Date*: This rescission will be effective for claims filed on or after March 27, 2017." *Id*. On April 6, 2017, the Social Security Administration published a Correction to Notice of Rescission: "[I]n the first column, make the following correction in the DATES section. Change the effective date to read, "*Effective Date*: March 27, 2017."

The Magistrate Judge determined that SSR 06-3p applied to the Plaintiff's claim because the claim was filed before the effective date of rescission. In reaching this conclusion, the Magistrate Judge relied on the Notice of Rescission published on March 27, 2017, 82 Fed. Reg. 15,263-01 (March 27, 2017), but did not address the published Correction.

The Commissioner argues that SSR 06-3p is not applicable to Plaintiff's claim because it was rescinded effective March 27, 2017, and that failure to comply with the rescinded SSR cannot be a basis for remand.

The new rule clearly states that "on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency…" 20 C.F.R. § 404.1504 (January 18, 2017). If the agency will not provide analysis of other agency decisions for claims filed *after* March 27, 2017, this Court can only conclude that the revised Rule requires the agency to provide such analysis for claims filed *before* that date. This conclusion is bolstered by the explanation given in the Notice of Rescission: "The final rules revised these policies [in SSR 06-3p] for claims filed on or after March 27, 2017 …" 82 Fed. Reg. 15,263-01. Again, the Court concludes that if the polices in SSR 06-3p were revised for claims filed *after* March 27, 2017, those policies remain in effect for claims filed *before* that date. The Court finds that, for applications filed before March 27, 2017, the ALJ was required to consider the VA disability determination and explain the consideration given to that decision. The

Correction has no effect on the applicability of SSR 06-3p to this case. Accordingly, although the R&R fails to address the Correction to the effective date of the rescission, the Magistrate Judge reached the correct result – SSR 06-3p applies to this case.

The Court notes that the ALJ also concluded that SSR 06-3p governed his consideration of the VA disability finding, but nevertheless failed to adequately explain the weight given to the VA's disability determination. The ALJ analyzed the VA disability findings as follows:

> The Veteran's Administration has determined that the claimant is 100% disabled based on service-connected impairments. While the disability determinations of other governmental agencies are entitled to consideration, they are not entitled to any particular weight in determining disability for Social Security purposes (Social Security Ruling 06-3p). In this case, the undersigned notes that the Veteran's Administration's finding is not based on Agency policy or definitions or disability. Therefore, it is entitled to little weight.

(AR 23).

The Court agrees with the Magistrate Judge's conclusion that the ALJ's cursory treatment of the VA's disability finding does not adequately explain the weight afforded the VA determination. *See Joseph*, 741 F. App'x at 310 (ALJ adequately addressed VA's disability determination when she discussed the disability and explained why [claimant's impairments] led to a different determination than that of the VA); *West v. Berryhill*, No. 2-14-cv-00102, 2017 WL 2369530, at * 7 (M.D. Tenn. May 31, 2017) ("mere acknowledgement that another agency decision is not binding is not proper consideration or explanation" of that decision); *Rivett v. Colvin*, 2014 WL 5822858, at * 9, No. 2:11-cv-00111, 2014 WL 5822858, at * 8 (M.D. Tenn. Nov. 7, 2014) ("cursory rejection of the [agency] determination as 'based on its own rules' is insufficient consideration …" (quoting *McPhee v. Comm'r of Soc. Sec.*, No. 12-cv-13931, 2013 WL 3224420, at * 14 (E.D. Mich. Jun. 25, 2013))).

## IV.     CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's determinations and the Commissioner's objections, for the reasons stated herein, the Commissioner's Objections are **OVERRULED**. The Report and Recommendation is **ADOPTED** with modification. As stated, the Magistrate Judge did not address the effect of the Correction to the date of rescission of the Social Security Rulings. Although, the failure to address the Correction does not affect the decision in this case, the Report and Recommendation is modified to include the Court's analysis on this issue.

Plaintiff's Motion for Judgment Based on the Administrative Record (Doc. No. 20) is **GRANTED** and this case is **REMANDED** for action consistent with this decision.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE